967 P.2d 274

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James McGOVERN, Defendant–
Appellant.**

Nos. 23866, 23867.

Supreme Court of Idaho,
Coeur d'Alene, September 1998 Term.

Oct. 22, 1998.

John M. Adams, Chief Kootenai County Public Defender; J. Bradford Chapman, Deputy Kootenai County Public Defender, Coeur d'Alene, for appellant. J. Bradford Chapman argued.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

JOHNSON, Justice.

This is a criminal case. We uphold the trial court's denial of motions to suppress evidence because the State did not obtain any evidence from the defendant that could be suppressed.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

On July 9, 1995, members of the Rathdrum police department (the officers) blocked part of a highway to permit clean up of fallen trees, power lines, and debris following a storm. While the highway was blocked by the officers and their marked cars, James McGovern (McGovern) drove up to the scene in a motor vehicle. One of the officers (the citing officer) recognized McGovern and remembered that a week earlier he had determined that McGovern's driving privileges were suspended. The citing officer detained McGovern, had police dispatch run a "driver's check" on McGovern through a statewide computer system, and was advised by police dispatch that McGovern's driving privileges were suspended. The citing officer issued McGovern a citation for operating a motor vehicle while suspended. Four days later, on July 13, 1995, the citing officer again saw McGovern driving a motor vehicle, had dispatch again run a computer check on the status of McGovern's driver's license, determined that McGovern's license was still suspended, and issued McGovern a second citation for operating a motor vehicle while suspended.

With regard to each of the citations, McGovern sought to have the magistrate judge (the trial court) suppress "all evidence and the fruits thereof obtained by the State's illegal search and seizure of [McGovern's] person and property." At the hearing on the motions, McGovern contended there was no reasonable suspicion to stop him on July 9, 1995. Apparently he contended that the stop on July 13, 1995 was "tainted" by the July 9, 1995 stop. The trial court denied the mo-

tions, and McGovern pleaded guilty to the two offenses, reserving the right to appeal the denial of his motions to suppress. McGovern appealed to the district judge asserting that the blocked road in question was established in violation of section 19–621 of the Idaho Code (I.C.) and that the police lacked reasonable suspicion to seize McGovern. The district judge affirmed the magistrate judge's rulings. McGovern then appealed to this Court.

During oral argument before this Court, in response to the questioning of the Court, McGovern's attorney advised the Court that McGovern sought to suppress what the citing officer learned from dispatch about the suspension of McGovern's driver's license.

## II.

### THERE IS NO EVIDENCE THAT COULD BE SUPPRESSED.

■ McGovern asserts that the trial court should have suppressed what the citing officer learned from dispatch about the suspension of McGovern's driver's license. We disagree.

■ The purpose of the exclusionary rule is to prevent the use of evidence that was illegally obtained in violation of the defendant's right not to be subjected to an unreasonable search or seizure. *E.g., State v. Guzman,* 122 Idaho 981, 989, 842 P.2d 660, 668 (1992). In the present case, even if the citing officer had seized McGovern without reasonable articulable suspicion, the citing officer did not obtain the evidence McGovern seeks to suppress from McGovern, but from the police dispatcher. Therefore, there is no evidence that could be suppressed.

## III.

### CONCLUSION

We affirm the trial court's denial of McGovern's motions to suppress.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, concur.